**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



**DAVID ANTONIO LOPEZ-DIAZ,**

> **Petitioner,**

> > **v.**

**JEFF CRAWFORD**, *et al.*,

> **Respondents.**

**Civil Action No. 3:25cv1039**

### MEMORANDUM OPINION

This matter comes before the Court on Petitioner David Antonio Lopez-Diaz's Notice of

Hearing Outcome (the "Notice"). (ECF No. 14.)  On January 9, 2026, Mr. Lopez-Diaz filed an

Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Amended Petition")

challenging his detention by Immigration and Customs Enforcement ("ICE") as unlawful under

provisions of the Immigration and Nationality Act ("INA"), the Fifth Amendment to the United

States Constitution's Due Process Clause, and the Eighth Amendment.  (ECF No. 8 ¶¶ 59–69.)

On January 23, 2026, the Court granted the Amended Petition in part and ordered Respondents

to provide Mr. Lopez-Diaz with a bond hearing under 8 U.S.C. § 1226(a).  (ECF No. 12; *see also*

ECF No. 19.)

The Immigration Court held a bond hearing for Mr. Lopez-Diaz on January 27, 2026 and

granted Mr. Lopez-Diaz bond in the amount of $20,000.  (ECF Nos. 13, 14.)  Mr. Lopez-Diaz

subsequently filed the instant Notice, challenging the adequacy of the hearing and contending

that the bond amount constitutes an "unconstitutional 'constructive denial' of the writ of habeas

corpus and an attempt to circumvent this Court's mandate."  (ECF No. 14, at 1.)  Mr. Lopez-Diaz

asks the Court to order his immediate release or reduce the amount of bond ordered at the hearing.  (ECF No. 14, at 4.)

Following Petitioner's Notice, the Court ordered, and the parties filed, supplemental briefing on the adequacy of Mr. Lopez-Diaz's bond hearing and this Court's jurisdiction to consider the sufficiency of the bond hearing.  (ECF Nos. 15, 17, 18.)

On February 12, 2026, after enlisting help from an "immigration bond service company," Mr. Lopez-Diaz posted bond and was released from custody.  (ECF No. 16, at 1.)

For the reasons articulated below, the Court finds that Mr. Lopez-Diaz's challenge to the adequacy of his bond hearing is moot.  The Court will therefore deny Mr. Lopez-Diaz's request for relief.[1]

## I.  Factual, Legal, and Procedural Background

### A.    Legal Background

8 U.S.C. § 1226 establishes "the default rule" for detaining and removing aliens "'already present in the United States.'" *Duarte Escobar v. Perry,* 807 F. Supp. 3d 564, 578 (E.D. Va. 2025) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018)).  It provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).

---

[1] Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (ECF No. 17, at 8.)  Mr. Lopez-Diaz has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA.  *Obando-Segura v. Garland,* 999 F.3d 190, 195–97 (4th Cir. 2021); *Quispe v. Crawford,* No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *3–4 (E.D. Va. Sept. 29, 2025).

Mr. Lopez-Diaz also argues that "an award of fees is justified under the Court's inherent authority to sanction bad-faith conduct."  (ECF No. 17, at 8 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991)).  Respondents' counsel has not acted in bad faith.  In the absence of such conduct, the Court declines to exercise its authority to award fees on such a basis.

Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on . . . conditional parole." *Id.* § 1226(a)(1)–(2) (emphasis added).  Thus, individuals subject to detention under § 1226(a) are entitled to a bond hearing.

At a bond hearing conducted under § 1226(a), the noncitizen ordinarily bears the burden of proving that he or she does not present a danger to the community or a risk of flight.[2] *Mejia*, No. 1:26-cv-253 (LMB), 2026 WL 819603, at *2 (E.D. Va. Mar. 25, 2026).  In determining whether an alien presents a risk of danger or a risk of flight, and ultimately whether to grant bond, an Immigration Judge's decision is guided by the following series of "non-exhaustive" and "flexible" factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Miranda v. Garland*, 34 F.4th 338, 362 n.10 (4th Cir. 2022) (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)).

"[O]f course, the procedures used by federal immigration officials to deny a noncitizen's request for release on bond must always comply with fundamental principles of due process." *Mejia*, 2026 WL 819603, at *2 (citing *Miranda*, 34 F.4th at 359).

---

[2] In some circumstances, this Court, as well as others "around the country[,] ha[s] ordered immigration officials to bear the burden of making a showing at court-ordered bond hearings regarding whether an alien is dangerous or a flight risk." *Avelar Ramos v. Bondi*, No. 3:26-cv-112, 2026 WL 614875, at *7–8 (E.D. Va. Mar. 4, 2026).  Petitioner bore the burden in this case. (*See* Bond Hearing Recording ("BH"), at 00:58–1:22.)

B. **Factual Background**

1. **Facts Underlying Mr. Lopez-Diaz's Amended Petition**

In its Memorandum Opinion granting Mr. Lopez-Diaz's Amended Petition in part, the Court set forth the facts relevant to Mr. Lopez-Diaz's Amended Petition. *See Lopez-Diaz v. Crawford*, No. 3:25-cv-1039 (MHL), 2026 WL 625492, at *1–2 (E.D. Va. Mar. 5, 2026). The Court summarizes those facts here.

"Mr. Lopez-Diaz is a citizen of El Salvador. He arrived in the United States in 2007 and was not detained by immigration authorities." *Id.* at *1 (citations omitted). "On November 17, 2025, Mr. Lopez-Diaz was detained by ICE in or around Richmond, Virginia on his way to work." *Id.* (citations omitted). The same day, Mr. Lopez-Diaz was processed at the Norfolk, Virginia Enforcement and Removal Operations ("ERO") Office, where he was issued a "Form I-200, Warrant for Arrest of Alien" and served with a Notice to Appear ("NTA")[1] charging him with being "an alien present in the United States who has not been admitted or paroled." *Id.* (citations omitted). Mr. Lopez Diaz was then "placed in ICE custody at [the] Farmville Detention Center." *Id.*

On December 10, 2025, an Immigration Judge denied Mr. Lopez-Diaz's request for a bond hearing, finding that she lacked jurisdiction to consider the request under the Board of Immigration Appeal's ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[3] *Id.* Mr. Lopez-Diaz subsequently filed the instant habeas action.

---

[3] On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado*. "Pursuant to the BIA's decision in Hurtado, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, 807 F. Supp. 3d 397, 401 (D.N.J. 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29). Many courts, including this one, have rejected that finding. *Duarte Escobar*, 807 F. Supp. 3d at 584.

4

On January 23, 2026, the Court granted Amended Petition in part and ordered Respondents to provide Mr. Lopez-Diaz with a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 12; *see also* ECF No. 19.)

### 2.    The January 27, 2026 Immigration Court Bond Hearing[4]

On January 27, 2026, Mr. Lopez-Diaz appeared with counsel before Judge John Barnes in the Annandale, Virginia Immigration Court. (Bond Hearing Recording ("BH"), at 00:00–00:18.) Mr. Lopez-Diaz did not submit records or evidence prior to the bond hearing, and the Immigration Judge incorporated the records from Mr. Lopez-Diaz's December 2025 Immigration Court proceeding.[5] (BH, at 1:24–2:11.)

At the hearing, Mr. Lopez-Diaz argued that he should be released on bond because he presented neither a risk of flight nor a risk of danger to the community. As to risk of flight, Mr. Lopez Diaz argued that he is eligible for, and intends to apply for, cancelation of removal based on his child who is a United States citizen;[6] that he has another child on the way and his wife is experiencing a high-risk pregnancy; and that he has a stake in litigating the present habeas action that would reduce his likelihood to flee. (BH, at 2:08–3:08, 4:00–5:00.) With respect to risk of danger, Petitioner conceded that he was convicted of driving while impaired ("DWI") in 2021

---

[4] The following facts are derived from the parties' filings, exhibits, and the audio recording of the bond hearing provided to the Court by Respondents.

[5] Mr. Lopez-Diaz appears to have provided a copy of these records to the Court. (*See* ECF No. 14-2.) They include a copy of Mr. Lopez-Diaz's child's United States birth certificate; character letters from Mr. Lopez-Diaz's family, friends, and employers; tax returns; utility bills; and a doctor's note explaining that Petitioner's wife is experiencing a high-risk pregnancy.

[6] 8 U.S.C. § 1229b(b)(1)(D) permits cancelation of removal and adjustment of status for certain nonpermanent residents where removal would "result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."

and has several minor traffic infractions, but argued that following his conviction, he has made efforts to rehabilitate and avoid future alcohol-related incidents, and that he incurred no criminal charges in the last five years.  (BH, at 2:08–4:00; *see also* ECF No. 18-1, at 4 (2021 citation for DWI), 6 (2019 citation for speeding), 8 (2020 citation for failure to yield on a left turn).)

Relying on Mr. Lopez-Diaz's DWI conviction, counsel for DHS argued that Mr. Lopez-Diaz's release would present a risk of danger.  (BH, at 6:48–7:15.)  As to risk of flight, DHS highlighted that Mr. Lopez-Diaz made no efforts to normalize his status after entering the United States in 2007, and that although Mr. Lopez-Diaz intends to file for cancelation of removal, he has not yet done so.  (BH, at 7:16–8:04.)

Following argument by the parties, the Immigration Judge orally pronounced his bond finding:

> The court finds that [Petitioner] does have some danger factors based on [his] DUI conviction, where he had almost three times the legal limit in his system.  The court does note that that was almost five years ago.
>
> The court does find that [Petitioner] . . . does have some flight risk factors.  [He] has been here since 2007, [and he] hasn't filed any forms for relief [from removal]. The Petitioner does seem to be married [and] have a child on the way. . . . [The court] also sees that [Petitioner] has a United States citizen daughter born in 2015. Based on that, the court finds that a bond could alleviate the court's concern with respect to danger and flight risk.  However, because there are no applications for relief filed at this time, the [Petitioner] has been here for a very long time, it looks like the Respondent does have that DUI conviction, the court is going to set bond in the amount of $20,000.[7]

(BH, at 8:10–9:10.)

---

[7] This quotation is taken from the audio recording of the January 27, 2026 bond hearing. The Court has prepared this quotation as an unofficial transcript.

## C.    Procedural Background

On December 19, 2025, Mr. Lopez-Diaz filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The petition did not comply with Rule 2(c)(5) of the Rules Governing Section 2254 cases,[8] and the Court ordered Petitioner to file an amended petition in compliance with Rule 2(c)(5). (ECF No. 4.) On January 9, 2026, Mr. Lopez-Diaz filed the instant Amended Petition, which complies with Rule 2(c)(5). (ECF No. 8.)

On December 23, 2025, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented in the Amended Petition differ in any material fashion from those presented in *Duarte Escobar v. Perry*, No. 3:25-cv-758 (MHL) (E.D. Va. 2025). (ECF No. 4, at 2–3.)

On January 16, 2026, Respondents filed a Notice stating "that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*," and recommending that the Court "incorporate the filings in *Duarte Escobar* into the record of this habeas action." (ECF No. 10, at 1.) The Court did so. (ECF No. 19, at 4.) On January 23, 2026, Petitioner replied. (ECF No. 11.)

Also on January 23, 2026, the Court granted in part Mr. Lopez-Diaz's Amended Petition and ordered Respondents to provide Mr. Lopez-Diaz with a bond hearing. (ECF Nos. 12, 19, 20.)

On January 30, 2026, both parties filed Notices informing the Court that the Immigration Court held a bond hearing for Petitioner on January 27, 2026, "at which time bond was granted in the amount of $20,000." (ECF No. 13, at 1; ECF No. 14, at 1.) In his Notice, Petitioner

---

[8] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

7

asserts that the bond amount constitutes an "unconstitutional 'constructive denial'" of this Court's Order directing Respondents to conduct a bond hearing and seeks as relief Mr. Lopez-Diaz's immediate release, or, in the alternative, "exercise [of this Court's] habeas jurisdiction to reduce the bond to an amount consistent with national averages and Petitioner's actual flight risk." (ECF No. 14, at 1, 4.)

On February 13, 2026, the Court ordered the parties to file supplemental briefing on the issues raised in Mr. Lopez-Diaz's Notice, as well as this Court's jurisdiction to hear Petitioner's challenge. (ECF No. 15.) On February 17, 2026, Petitioner filed his supplemental brief. (ECF No. 17.) On February 18, 2026, Respondents filed their supplemental brief. (ECF No. 18.)

On February 13, 2026, Mr. Lopez-Diaz filed a Status Report informing the Court that, with the assistance of an immigration bond service company, Mr. Lopez-Diaz posted bond and was released from ICE custody. (ECF No. 16, at 1.)

## II. Standard of Review

"'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction.'" *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)) (alteration in original). "When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs.*, 789 F.3d 475, 482 (4th Cir. 2015). Put differently, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

8

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "Because habeas corpus proceedings challenge a prisoner's *detention*, a logical assumption is that the release of a prisoner from detention renders a habeas petition moot." *Plymail v. Mirandy*, 8 F.4th 308, 315 (4th Cir. 2021) (emphasis in original). But two exceptions to the mootness doctrine exist:  (1) "'collateral consequences;' and (2) [matters] 'capable of repetition, yet evading review.'" *Irwin v. Crawford*, No. 2:24-cv-606 (LRL/RBS), 2025 WL 1733071, at *2 (E.D. Va. Apr. 15, 2025) (quoting *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986)), *report and recommendation adopted*, 2025 WL 1732521 (E.D. Va. June 20, 2025). Regarding the first exception, "[a] collateral consequence is 'some concrete and continuing injury other than the now-ended incarceration.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In the habeas context, collateral consequences are disabilities or burdens that stem from a petitioner's *conviction* that persist after release. *Id.*; *see also Plymail*, 8 F.4th at 315.

The second exception to the mootness doctrine—matters capable of repetition yet evading review—exists where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Williams v. Ozmint*, 716 F.3d 801, 809–10 (4th Cir. 2013) (quotation omitted). The United States Court of Appeals for the Fourth Circuit has "cautioned that this is a narrow exception" limited to the "exceptional situation." *Id.* at 810. (alterations omitted). "Accordingly, a party seeking to invoke this exception to the mootness doctrine bears the burden of showing its application." *Id.*

9

### III.  Analysis

Mr. Lopez-Diaz argues the $20,000 bond amount set by the Immigration Judge amounts to an "unconstitutional 'constructive denial'" of this Court's Order granting the Amended Petition because it was the product of a "perfunctory" and constitutionally deficient bond hearing.  (ECF No. 14, at 2; ECF No. 17, at 3–8.)  As relief, Mr. Lopez-Diaz seeks an order from this Court "refund[ing] [] the $20,000 bond to [Mr. Lopez-Diaz's] family" or reducing the bond to the statutory minimum of "$1,500 and order[ing] a refund of the excess $18,500."  (ECF No. 17, at 8.)

Respondents do not address the merits of Mr. Lopez-Diaz's challenges as to the adequacy of the bond hearing and instead contend that Petitioner's claims on this point are constitutionally moot because Mr. Lopez-Diaz has been released from custody.  (ECF No. 18, at 1–2.)

The Court must find that Mr. Lopez-Diaz's claims challenging the constitutionality of his bond hearing are moot.[9]  In his Amended Petition, Mr. Lopez-Diaz moved this Court for "immediate release" or a "Writ of Habeas Corpus ordering Respondents to schedule a bond hearing before an immigration judge."  (ECF No. 8, at 15.)  Mr. Lopez-Diaz already received that relief:  he had a bond hearing before an Immigration Judge, he was granted bond, he posted that bond, and he is no longer in custody.  It is not clear what additional relief, if any, the Court could order that Mr. Lopez-Diaz has not already received.

Indeed, as the United States Court of Appeals for the Fourth Circuit and courts in this District have held, a detainee's habeas petition is rendered moot when the petitioner is released

---

[9] Both parties also discuss the Court's statutory jurisdiction to hear Mr. Lopez-Diaz's challenge to the adequacy of the bond hearing.  (ECF No. 17, at 2–3; ECF No. 18, at 4–10.)  Because the Court determines that Petitioner's challenge to the bond hearing is constitutionally moot, and therefore that the Court's constitutional jurisdiction over that challenge has ended, it need not address whether it has statutory jurisdiction to consider the claims.

10

from ICE custody. *Reyes v. U.S. I.N.S.*, 141 F. App'x 96, 98 (4th Cir. 2005) (finding that immigration petitioner's parole rendered moot his habeas petition challenging his continued detention); *Castillo-Fornaris v. Crawford*, No. 3:19-cv-862 (DJN), 2020 WL 4227701, at *2 (E.D. Va. July 23, 2020) (internal citation omitted); *Roberts v. Lynch*, 3:16-cv-179 (RCY), 2016 WL 6662741, at *1 (E.D. Va. Sept. 27, 2016) (denying as moot ICE detainee's § 2241 petition where the detainee was released from custody "pursuant to an order of supervision"), *report and recommendation adopted*, 2016 WL 6662701 (E.D. Va. Nov. 10, 2016). Absent argument from Mr. Lopez-Diaz that his claims are not moot, or that either of the exceptions to the mootness doctrine apply, the Court will deny Mr. Lopez-Diaz's claims regarding the sufficiency of the bond hearing as moot.[10]

---

[10] The Court recognizes that, in cases where a petitioner seeks release after facing a conviction in a criminal case, the "existence of certain collateral consequences to the petitioner's *conviction* prevents a habeas petition from becoming moot.'" *See Plymail*, 8 F.4th at 315 (emphasis added) (citation omitted). In those cases, a court must "*presume[]* that collateral consequences exist." *Id.* (emphasis added).

But Mr. Lopez-Diaz's detention was not a result of a *criminal conviction*. It is not clear, therefore, whether the Court is obligated to "presume" that collateral consequences exist in this case. *See, e.g., Ali v. Cooley-Dismukes*, No. 1:24-cv-547, 2025 WL 1296169, at *5 (M.D.N.C. May 5, 2025) (explaining that "[a]lthough courts presume collateral consequences arising from a criminal conviction," the presumption does not arise in all contexts, including in the "setting of habeas petitions challenging prison discipline") (citations omitted)). Petitioner has not cited, and the Court is not aware of, any authority indicating that the Court is required to presume that collateral consequences exist where an immigration detainee challenges his *civil* detention absent a criminal conviction.

Even if the Court were to "presume" that the $20,000 bond that Mr. Lopez-Diaz posted constituted a collateral consequence such that his claims are not moot, *see, e.g., Nakell v. Attorney General of N.C.*, 15 F.3d 319, 322 (4th Cir. 1994) ("A possible refund of a fine [imposed as part of a criminal conviction] has . . . been held a collateral consequence constituting a sufficient stake in the outcome to prevent mootness."), Mr. Lopez-Diaz has not demonstrated entitlement to the relief he requests. The Court would be within its power to order a new bond hearing. *See, e.g., Mejia*, 2026 WL 819603, at *6. But Petitioner does not request that. Instead, he asks this Court to refund the $20,000 bond to his family or reduce the bond to the statutory

## IV. Conclusion

For the foregoing reasons, the Court will deny as moot the relief Mr. Lopez-Diaz requests in his Notice, (ECF No. 14), and Supplemental Brief, (ECF No. 17).

An appropriate Order shall issue.

Date: 5/12/26
Richmond, Virginia

_____/s/_____
M. Hannah Lauck
Chief United States District Judge

---

minimum of $1,500 and refund the remainder. (ECF No. 17, at 8.) Petitioner points to no authority permitting the Court to afford this relief, nor is the Court aware of any.

12